UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:3CR00113-02L |
| vs. | ) | RULE 60(a) MOTION |
| MARTIN MEDRANO | ) | |

______________________________,

MOTION TO CORRECT CLERICAL MISTAKES

On or about May 30 ,2004, Mr. Medrano pleaded guilty to a two count Indictment No. 03-113L with the conspiracy to Distribute and possess with intent to Distribute mariguana in violation of Title 21 U.S.C. Sec. 846 and Possesion with intent to Distribute mariguana in violation of title 21 U.S.C. Sec. 841 (a)(1) and (b)(1)(D) and 18 U.S.S. Sec. 2.

On January 20,2005, sentencing was held before the Honorable Ronald R. Lagueux . Mr. Medrano was sentenced to to serve 70 months on first count and 60 months on second count to be served concurrently in federal prison with three years supervise realease. Mr. Medrano was ordered to enter into a substance abuse program during his supervise release approved by the probation department for which may include testing. Mr. Medrano was also oredered to pay a $1,400

fine. On sentencing hearing the government motioned for " the amount of money that was seized in cash on the defendant not forfeited be used as amount of fine imposed." **ATTACHMENT (A).** (sentencing transcripts page 4-5)

RELIEF SOUGHT

Mr. Medrano comes claiming that Prison officials have assessed a $1,400 fine to be paid quaterly. see **ATTACHMENT (B).** This means the amount of money seized has never been turned over to Mr. Medrano, the Court, or the United States of America to satisfy the amount of the fine agreed by the government, Mr. Medrano and the court. see **ATTACMENT (C)** (sentencing transcripts page 12). The cause is probably an error, omission or mistake on part of the clerks office and moves this Honorable court to amend or clarify the judgement of conviction and include $1,400 fine as paid and satisfied and to serve notice on all parties involved including , F.C.I. Phoenix officials.

I, Martin Medrano do declare that the above is true and correct to the best of my knowledge, subject under penalty of perjury. See 28 U.S.C. 1746, and include that this was mailed , signed and dilivered to;

DAVID A D.MARIZO,
DISTRICT CLERK
1 EXCHANGE TERRACE
PROVIDENCE ,RI.
02903 1779

Mary E. Rogers, AUSA
U.S. Attorneys office
50 Kennedy Plaza
Providence, RI. 02903

MAY 24, 2006
**DATED**

**MARTIN MEDRANO**
**05380-080**
**FEDERAL CORR. INST.**
**37910 NTh. 45th. AVe.**
**PHOENIX, ARIZONA 85086**

Attachment A

4

the fellow that ran the garage where they were storing the marijuana?

MS. ROGERS: Yes, your Honor.

THE COURT: And the garage was burglarized and the marijuana was taken by someone, and then these two defendants, Medrano and Orduno, forced him to become a dealer to pay off his debt, that was the scenario as I remember it.

MS. ROGERS: That's correct, your Honor.

So based under the factors under the sentencing guideline calculations, the Government is recommending 70 months to run concurrent as to Count 1 and Count 2.

THE COURT: Count 2 has to be 60 months concurrent, that's the maximum.

MS. ROGERS: Three years supervised release as to each count, a $200 special assessment is mandatory and the Government is seeking a $1,400 fine in this case. That is the amount of money that was seized in cash on the defendant at the time of his arrest. It has not been forfeited. So the Government is seeking that that amount of fine be imposed on this particular defendant.

THE COURT: Where are those funds now?

MS. ROGERS: Excuse me, your Honor?

THE COURT: Where are those funds?

MS. ROGERS: In the DEA evidence locker. They would be turned over to the defendant or to the Court depending on how, if that fine were imposed, to satisfy the amount of the fine.

THE COURT: All right. Mr. Cicilline?

MR. CICILLINE: Good morning, your Honor. Your Honor, by my count, I filed three separate objections to the Presentence Report. The first one related to the Government's -- I mean the Presentence Report calculation that he should not get a third point, and that ultimately was corrected, and the third point has now been given to him.

The second objection I had related to the assessment of two points pursuant to 4A1.1(e) of the sentencing guidelines, because the defendant, his criminal history category was increased by two points because he was on a suspended sentence at the time of the instant offense or had committed the offense in less than two years since the expiration of that sentence.

THE COURT: Yes, that was the reason. He committed this offense less than two years after he was released from prison on a prior offense.

MR. CICILLINE: And the third objection I had related to the calculation for the criminal history

Attachment B

PHXUB * PROGRAM REVIEW REPORT * 03-17-2005
PAGE 001 17:38:02

INSTITUTION: PHX PHOENIX FCI

NAME.......: MEDRANO, MARTIN REG. NO: 05380-070
RESIDENCE..: HEMET, CA 92544

TYPE OF REVIEW......: ~~INITIAL CLASSIFICATION~~/PROGRAM REVIEW
NEXT REVIEW DATE....: 09/19/05

PROJ. RELEASE DATE..: 12-23-2008 RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: 09/05 DETAINERS (Y/N): N

CIM STATUS (Y/N)....: N IF YES, RECONCILED (Y/N): N/A

PENDING CHARGES.....: Warrant - under the Infl. of control. Sub. - Riverside County Sheriff - 2003

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: yes
IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

| CATEGORY | | CURRENT ASSIGNMENT | EFF DATE | TIME |
|---|---|---|---|---|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 03-10-2008 | 1736 |
| CMA | RPP NEEDS | RELEASE PREP PGM NEEDS | 06-24-2006 | 1736 |
| CMA | V94 CDA913 | V94 CURR DRG TRAF ON/AFT 91394 | 03-17-2005 | 1736 |
| CUS | IN | IN CUSTODY | 02-22-2005 | 0731 |
| DRG | DRG I RQ J | DRG INTRV REQD: JUD RECOMMEND | 03-17-2005 | 1735 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 03-16-2005 | 0945 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 03-16-2005 | 0945 |
| FRP | UNASSG | FINANC RESP-UNASSIGNED | 03-17-2005 | 1735 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 02-18-2005 | 1131 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 03-16-2005 | 0915 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 03-16-2005 | 0915 |
| QTR | Y01-108U | HOUSE Y/RANGE 01/BED 108U | 03-11-2005 | 1330 |
| RLG | CATHOLIC | CATHOLIC | 03-17-2005 | 1735 |
| WRK | UNASSGN | UNASSIGNED | 03-17-2005 | 1049 |

WORK PERFORMANCE RATING: Work in Plumbing

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: NONE

* FRP PLAN/PROGRESS: Owes $200.00 assess. & $1,400.00 - fine To begin $25.00 quarterly payments in June 05. / curr bal $0.00

RELEASE PREPARATION PARTICIPATION: Will enroll 30 months prior to release date.

CCC RECOMMENDATION: Will review 11-13 months prior to release date.

* 6 month dep. $0.00

that the defendant got into the drug business to make money but later he became a drug addict himself and undoubtedly was continuing in the business to satisfy his habit. So he needs drug counseling and drug help. I understand that he's also taken a drug counseling program at Wyatt, so he's on the right road at the moment, and drug programs will be available for him in Federal prison.

It's unfortunate that his family finds itself in desperate straits in California, but he chose to be a drug dealer and come to Rhode Island to apply his trade and his family is suffering as a result. Fortunately, his wife owns the home in which his wife and his family lives and can rent some space to help in paying the mortgage. So I take that into consideration in the determination of what kind of a fine to impose in this case. I don't want to deprive them, and so I'm limiting the fine to $1,400, which is the amount held by the DEA. That amount can be turned over to the United States of America in payment of the fine and his family won't have to suffer as a result.

Also under the guidelines and under the law I have to impose a $100 special assessment on each count of conviction for a total of $200.

Frankly at this point in time I do not know what